MICHAEL BAILEY
United States Attorney
District of Arizona
MARY SUE FELDMEIER
Assistant U.S. Attorney
Arizona State Bar No. 030266
WALLACE H. KLEINDIENST
Assistant U.S. Attorney
Arizona State Bar No.
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Mary.Sue.Feldmeier@usdoj.gov
Wallace.Kleindienst@usdoj.gov
Attorneys for Plaintiff

CR20-02391 TUC-SHR(EJM)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| vs. | Violations: |
| Francisco Alberto Sanchez-Romero, | 18 U.S.C. §§ 371, 1014 (Conspiracy to Make False Statements to a Financial Institution) Count 1 |
| Defendant. | 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) Count 2 |

**THE GRAND JURY CHARGES:**

### Introduction

At all times relevant to this Indictment:

1. Bank A was a financial institution whose deposits at all relevant times were insured by the Federal Deposit Insurance Corporation.

2. FRANCISCO ALBERTO SANCHEZ-ROMERO was a citizen of the Republic of Mexico.

## COUNT 1

### The Conspiracy and its Objects

3. Beginning on or about February 17, 2017, and continuing until on or about September 15, 2018, within the District of Arizona and elsewhere, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO and others known and unknown, knowingly and intentionally conspired and agreed with each other to submit false statements on consumer account applications in violation of Title 18, United States Code, Section 1014.

4. It was the object of the conspiracy to knowingly make false statements for the purpose of influencing the actions of Bank A, in connection with account applications in that the defendant listed individuals on account applications as account owners when in truth and in fact, as the defendant and the other co-conspirators well knew, the individuals listed on the consumer account applications would not be in control of the accounts. These false representations were made for the purpose of disguising the true ownership and control of said bank accounts in order to facilitate a money laundering scheme.

### Manner and Means

5. Beginning on or about February 17, 2017, and continuing until on or about September 15, 2018, it was part of the conspiracy that the defendant, FRANCISCO ALBERTO SANCHEZ-ROMERO, and his co-conspirators submitted, and worked with others to submit, consumer account applications for deposit accounts ("Funnel Accounts") at Bank A, in Rio Rico, Arizona, knowing the individuals listed on the consumer account applications were not the true owners of the accounts.

6. It was further a part of the conspiracy that at least one individual (a "Recruiter"), known to the defendant FRANCISCO ALBERTO SANCHEZ-ROMERO, and to the government, would recruit other individuals ("Funnel Account Owners") to open deposit accounts that the Recruiter or one of the Recruiter's co-conspirators would control.

7. It was further part of the conspiracy that certain individuals, including the defendant FRANCISCO ALBERTO SANCHEZ-ROMERO and one or more of his co-conspirators acted as "Handlers" for these accounts opened by the Funnel Account Owners.

The Handlers would control the accounts on behalf of the conspiracy, while directing the activities of the Funnel Account Owners. The Recruiter also acted in the role of a Handler on multiple occasions.

8. The Handlers and many of the Funnel Account Owners are citizens and residents of Mexico.

9. As part of the conspiracy, the defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other co-conspirators acting as a Handler would cross into the United States from Mexico, meet the Funnel Account Owners in the United States, and bring the Funnel Account Owners to the Rio Rico branch of Bank A, where the defendant FRANCISCO ALBERTO SANCHEZ-ROMERO, or other Handler co-conspirators would help them complete consumer account applications and engage in deposits and wire transfers.

10. It was further a part of the conspiracy that as the employees of Bank A submitted each consumer account application, they would give the new deposit account documentation, including account number and access device, to the Handlers, including the defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other co-conspirators, and not to the Funnel Account Owners.

11. It was further a part of the conspiracy that the Handlers, including the defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other co-conspirators, would leave the Rio Rico, Arizona branch of Bank A in control of the Funnel Accounts, which would then receive large incoming cash deposits.

12. It was further a part of the conspiracy that, once cash was deposited into the Funnel Accounts, the Handlers, including the defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other co-conspirators, then wire transferred the money, totaling approximately $10.2 million, to Mexico.

### Overt Acts

13. In furtherance of the conspiracy and to accomplish its object, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO, or the other co-conspirators committed

and caused others to commit, among others, the following overt acts within the District of Arizona and elsewhere:

    a. On or about April 22, 2017, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX0028 in a name initialed E.A.G. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that E.A.G. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

    b. On or about May 11, 2017, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX5060 in a name initialed M.I.G.I. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that M.I.G.I. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

    c. On or about June 1, 2017, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX4525 in a name initialed M.M.P. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that M.M.P. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

    d. On or about October 2, 2017, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX3859 in a name initialed J.C.J. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-

ROMERO knew that J.C.J. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

e. On or about October 2, 2017, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX9747 in a name initialed F.A.L. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that F.A.L. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

f. On or about October 6, 2017, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX3754 in a name initialed J.G.F.P. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that J.G.F.P. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

g. On or about January 9, 2018, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX8739 in a name initialed S.D.G. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that S.D.G. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

h. On or about January 11, 2018, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX3451 in a

1. name initialed A.R.L.V. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that A.R.L.V. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

   i. On or about February 12, 2018, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX5236 in a name initialed L.S.P.B. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that L.S.P.B. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

   j. On or about April 12, 2018, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO or one of the other Handler co-conspirators, together and with others known and unknown, submitted a consumer account application at the Rio Rico branch of Bank A that caused Bank A to open a deposit account ending in XXX4764 in a name initialed M.A.R.L. when, in actuality, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO knew that M.A.R.L. would not control the deposit account and the deposit account would, in fact, be controlled by the Handler or one of the Handler's co-conspirators.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conspiracy to Commit Money Laundering

14. The factual allegations in paragraphs 1-13 are re-alleged for purposes of this Count.

15. Beginning on or about February 17, 2017, and continuing until on or about September 15, 2018, within the District of Arizona and elsewhere, defendant FRANCISCO ALBERTO SANCHEZ-ROMERO with others known and unknown, did knowingly

combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    a. to transport, transmit, or transfer, or attempt to transport, transmit, or transfer funds from a place in the United States to or through a place outside the United States knowing that such transfer of funds were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions, transportation or transfer, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

    b. to transport, transmit, or transfer, or attempt to transport, transmit, or transfer funds to a place in the United States from or through a place outside the United States knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

### Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

23.    those acts set forth in paragraphs 1 through 13, and

24.    the defendant and his co-conspirators conducted, or attempting to conduct, financial transactions representing the proceeds of some form of unlawful activity, to wit: the defendant and his co-conspirators conducted and attempted to conduct in a financial transaction involving the proceeds of specified unlawful activity. These monies were wired out of bank accounts at Bank A that were controlled by defendant FRANCISCO

ALBERTO SANCHEZ-ROMERO or one of the other co-conspirators to bank accounts located in Mexico.

All in violation of Title 18, United States Code, Section 1956(h).

A TRUE BILL

/s/

FOREPERSON OF THE GRAND JURY
Date: November 4, 2020

MICHAEL BAILEY
United States Attorney
District of Arizona

REDACTED FOR
PUBLIC DISCLOSURE

/s/

Mary Sue Feldmeier
Assistant U.S. Attorney